No. 23,249.

THE LINN COUNTY BANK, *Appellant*, v. O. L. DAVIS et al., *Appellees*.

SYLLABUS BY THE COURT.

1. BULK-SALES ACT—*Sale of Merchandise in Violation Thereof—Rights of Purchaser to Subrogation—Prior Garnishment Lien.* Bank v. Hillman, 104 Kan. 264, 178 Pac. 420, followed, and *held*, that a purchaser of a stock of goods in violation of the bulk-sales law, although he acted in entire good faith and paid full value, is not entitled to subrogation to claims of general creditors as against a debt due to a general creditor who has secured a valid attachment upon the stock and fixtures subsequent to the sale.

2. SAME — *Garnishment is a Form of Attachment.* Garnishment is merely another form of attachment—a species of seizure, by notice, of property and funds in the hands of a third person. (*Beamer v. Winter*, 41 Kan. 596, 21 Pac. 1078; *Young v. Shockey*, 80 Kan. 78, 101 Pac. 631.)

3. SAME—*Question of Priority of Garnishment Lien Over Claims of General Creditors Not Res Judicata.* The bank sued the seller of the stock on a promissory note and garnished the purchaser, who answered denying liability to the maker of the note. Issue was taken on the answer, and on judgment being rendered against the bank, the case was appealed (*Bank v. Davis*, 103 Kan. 672, 175 Pac. 972), where it was held that the bank was entitled to some relief, the extent of its recovery to be determined in another trial. The question whether a proceeding by garnishment creates a lien upon the funds and property in the hands of the garnishee was not raised, nor considered by the court. It was not a question in the former trial below. *Held*, that upon this question the former decision is not *res judicata*, and further, *held*, that notwithstanding the mandate in that case directed the court

to find the value of the stock and the proportion which the bank's claim bore to the total sum owed by the seller when the stock was transferred and to render judgment accordingly, the scope of the decision of the former appeal should not be enlarged to defeat a just claim under the settled law, and prevent the bank from insisting upon the priority acquired by its attachment lien.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed November 12, 1921. Reversed.

*Carr W. Taylor*, and *John H. Connaughton*, both of Hutchinson, for the appellant.

*C. M. Williams*, and *D. C. Martindell*, both of Hutchinson, for the appellees.

The opinion of the court was delivered by

PORTER, J.: This case was before the court in *Bank v. Davis*, 103 Kan. 672, 175 Pac. 972. At that time it involved the construction of the bulk-sales law. The present appeal raises another question.

O. L. Davis gave a bill of sale on his stock of groceries to R. L. Glascock and placed the latter in possession. Immediately thereafter the Linn County Bank sued Davis on a promissory note, and caused a garnishment summons to be served upon Glascock who answered denying liability to Davis. The bank took issue on the garnishee's answer upon the ground that in the transfer of the stock of goods, the bulk-sales law was violated by the buyer failing to take from the seller a verified list of his creditors (the list furnished being complete except for the omission of plaintiff as a creditor). There was a judgment in favor of the garnishee and plaintiff appealed. The judgment was reversed, the court holding that inasmuch as Glascock was innocent of intentional wrong, he was entitled, when sued by the bank, to be subrogated to the rights of the listed creditors whose claims he had satisfied. It was said in the opinion:

"It results from these considerations that error was committed in denying the plaintiff all relief. The extent of his recovery, however, remains to be determined. The goods, in a sense, constituted a trust fund for the benefit of all creditors alike, and as the purchaser was free from intentional wrong he may justly be subrogated to the rights of the creditors whose claims he has paid off. (Note, 51 L. R. A., n. s., 343;

L. R. A. 1917D 1067.) Nor is any reason apparent why his own claim should not be as favorably treated as those of others. We conclude, therefore, that the plaintiff should recover the proportion of the value of the stock that the amount of his claim bears to the total sum owed by the vendor at the time of the sale, including the debts paid off by the buyer and that originally owing to him." (p. 675.)

The judgment was reversed and the cause remanded for further proceedings in accordance with the opinion.

On the second trial the bank made the claim that by virtue of its attachment lien it was taken out of the class of general creditors and that Glascock, the purchaser of the stock, was not entitled to subrogation as against plaintiff's attachment l'en. The trial court, in following the mandate and judgment in the former action, found the total value of the merchandise, effects and accounts sold by Davis to Glascock, and the entire amount of indebtedness, but treated the plaintiff as a general creditor, denying its claim of a specific lien by reason of the garnishment. Plaintiff contends that this was error, and appeals.

Since the former decision, it has been held that purchasers, in violation of the bulk-sales law, although they act in entire good faith, and pay full value, are not entitled to subrogation to claims of general creditors as against a debt due to a creditor who has secured a valid attachment lien upon the stock and fixtures subsequent to the sale, for the reason that subroga-t'on is an equitable right, and in such a case, equity follows the law and cannot ignore the rights procured by the diligent creditor. (*Bank v. Hillman,* 104 Kan. 264, 178 Pac. 420.)

Conceding this to be the law, the defendants say that for two reasons it has no application to the present case. First, it is insisted that garnishment differs from attachment; that while the attaching plaintiff acquires a lien upon specific property, in garnishment he acquires nothing more than a judicial admonition to the garnishee to hold the property subject to the order of the court. We regard this contention as not sound. Garnishment is merely another form of attachment. It was held in *Beamer v. Winter,* 41 Kan. 596, 21 Pac. 1078, that garnishment is attachment in the hands of a third person and thereby is a species of seizure by notice. That decision was cited and approved by the Oklahoma court in *Barton v. Spencer,* 3 Okla. 270, where it was held:

Bank v. Davis.

"Where service of process in garnishment is had, the property found in the possession of the granishee is in *custodia legis*, and no rights can be obtained in such property by subsequent attaching creditors, as against a creditor causing the garnishment summons to issue." (Syl.)

In *Young v. Shockey*, 80 Kan. 78, 101 Pac. 631, it was held that a creditor by garnishee process obtains a lien upon a fund due the defendant in the action superior to the lien of laborers employed by him.

"The rule is that the service of a writ of garnishment upon a debtor of the principal defendant creates a lien on the property of such defendant, or upon a debt due him by the garnishee." (20 Cyc. 1063.)

In *Rickman v. Rickman*, 180 Mich. 224, it was held to be the general doctrine that the service of garnishment process creates a lien upon the property of the principal defendant in the hands of the garnishee defendant, entitling the plaintiff to hold such property for the satisfaction of his claim. (To the same effect, see 12 R. C. L. 775.) To construe the statute as contended for by defendants would render garnishment proceedings of little practical benefit. As said by the supreme court of Montana:

"If the service of the notice of garnishment by respondent through the court was not the commencement of a proceeding to reach the assets of its debtor, then the law permitting the garnishment of a debt is a nullity, at least so far as this case is concerned." (*Montana N. B. v. Merchants' N. B.*, 19 Mont. 586, 591.)

Secondly, defendants insist that the decision on the former appeal is *res judicata*, and that the trial court could properly take no other action except to follow the mandate of this court and find the value of the stock and the proportion which the bank's claim bears to the total sum Davis owed when the stock was transferred, and render judgment accordingly. But the question whether a proceeding by garnishment creates a lien upon the funds and property in the hands of a garnishee was not raised in the former appeal nor considered by this court. An examination of the briefs in that appeal shows that the question was not suggested nor argued by either party; from the abstract it appears not to have been raised on the first trial. As we have seen, the former appeal determined merely that as to claims of general creditors, the purchaser of a stock of goods, under the circumstances set forth in the opinion, was entitled to subrogation notwithstanding his failure to insist upon

a compliance with the bulk-sales law. No reason is apparent why the scope of the decision in the former appeal should be enlarged to defeat a just claim under the settled law and prevent the plaintiff from insisting upon the priority acquired by its attachment lien.

The judgment will be reversed and the cause remanded for further proceedings.