No. 25,364.

ANTHONY WHOLESALE GROCERY COMPANY, *Appellant,* v. (LEE
CLOUD) OTTO WEISS MILLING COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. CREDITOR'S BILL—*Merchandise Sold in Violation of Bulk-sales Law—Action
by One Creditor—Other Creditors Intervening—Priority of Liens.* Where
a merchant sells his entire stock in violation of the requirements of the
bulk-sales law, and a general creditor who has a claim against the seller
brings an action against the seller and purchaser before a justice of the
peace without procuring a lien thereon by attachment or garnishment, and
such action has not yet been reduced to a final judgment, he does not
thereby obtain a superior right over other creditors who shortly afterwards
bring a creditor's action in which the fund arising from the sale of the
goods was brought into court for equitable distribution.

2. SAME—*Purpose of Bulk-sales Law—Trust Fund for Benefit of All Creditors.*
The purpose of the bulk-sales law was that goods of debtors sold in bulk
without compliance with its terms should be treated as a trust fund for the
benefit of all creditors and to hold the purchaser who illegally obtained
possession thereof as a trustee for such creditors.

3. SAME—*Suit by One Creditor—No Attachment or Garnishment Lien Ac-
quired—No Preference Over Other Creditors.* A creditor who has brought
a personal action against the seller and purchaser, but who did not seek or
obtain an attachment of the property or a garnishment of the fund, and
wherein a final judgment has not been obtained, and thereafter intervenes
in the creditor's action in which jurisdiction of the fund was obtained, and
asks for a *pro rata* share of the fund, is not in a position to insist that he
is entitled to a preference over other creditors that are parties in that
action.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed
July 5, 1924. Reversed.

*E. C. Wilcox,* and *Myrtle Youngberg,* both of Anthony, for the appellant.
*Ed. T. Hackney,* of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This is an action in the nature of a creditors'
bill, brought by the Anthony Wholesale Grocery Company against
Lee Cloud, in which the Otto Weiss Milling Company and other
creditors of Lee Prather intervened. It appears that Lee Prather
was engaged in the mercantile business and had become indebted
to a number of creditors, including the Anthony Wholesale Grocery
Company, and on September 1, 1919, made a sale of his goods to

Lee Cloud for $240, in which there was no compliance with the bulk-sales law. The goods were mingled with other goods of a like character so that the same could not be identified. That company obtained a judgment before a justice of the peace against Prather on August 21, 1919, for $235.60. An abstract of this judgment was filed in the district court, and on September 29, 1919, an execution was issued thereon, which was returned unsatisfied for want of goods. Prather is insolvent and has no property upon which execution can be levied to satisfy the judgments or any part thereof. On October 17, 1919, the Otto Weiss Milling Company brought a suit before a justice of the peace against Prather and Lee Cloud to recover on an indebtedness of Prather, and the judgment was rendered against them on November 7, 1919, from which an appeal was taken, and the case is still pending and undisposed of.

The present action was begun on November 17, 1919, against Cloud and Prather to subject the goods and fund to its judgment. A number of creditors, including the Otto Weiss Milling Company, obtained leave of court and intervened, claiming a part of the funds. All of the creditors except the Anthony Wholesale Grocery Company, the Anthony Produce Company and the Otto Weiss Milling Company in one way and another dropped out of the case and were eliminated from the proceedings. Cloud admitted in his answer that the provisions of the bulk-sales law had not been complied with, and brought the money into court, asking that the rights of all creditors thereto be adjudicated, of which he furnished a list, and the action proceeded. The court determined that the Otto Weiss Milling Company, which had intervened and claimed a part of the fund, was entitled to the whole of it, and gave judgment accordingly.

It is first contended that the case should be dismissed because Lee Cloud, whose rights may be affected, was not made a party to the appeal. Appellant contends that he is not a necessary party; but if he should be so regarded, it asks that the notice be amended so as to make him a party, and that he be added as a defendant. It is not necessary to make the amendment. Cloud can hardly be regarded as a necessary party. He is not contending with any of the parties, but has brought the entire amount for which the goods were sold into court, stating that he desired that the rights of all creditors of Prather interested in the fund be adjudicated and the fund distributed in such way as the court might deem to be equitable

and just. That practically relieves him from liability and leaves the parties to litigate among themselves as to the share of each creditor in the fund. We do not deem him to be a necessary party in the appeal; but if he were, we would be inclined to allow an amendment bringing him in.

The milling company contends that the institution of the suit by the milling company gave it a prior and superior right to the fund. That action was brought in justice court and judgment therein rendered a few days before the creditors' action was commenced by plaintiff. In the action no attachment of the goods was asked or garnishment process issued; no steps were taken by the milling company to acquire a lien on either the goods or the money paid for them. Because the goods were sold in violation of the bulk-sales law the transfer was void as against the creditors of the vendor. It might be valid as against vendor and vendee, but by reason of noncompliance with the bulk-sales law it is deemed to be fraudulent as to creditors, who may look to the goods or the vendee to whom they were illegally transferred, and an appropriate action may also be brought to subject the goods to the payment of the creditors' claims. A creditor has, of course, the remedy of attachment and garnishment, and the right to seize the property on execution where a judgment has been obtained. (*Burnett v. Trimmell*, 103 Kan. 130, 173 Pac. 6. See, also, *Grocery Co. v. Ridgeway*, 115 Kan. 685, 224 Pac. 38.) The creditors could sue the original debtor or sue the vendee, and have held the latter personally liable up to the value of the goods illegally transferred to him, or if the goods were within the reach of the law they might have caused a seizure of the same by attachment or garnishment (*Bank v. Davis*, 109 Kan. 758, 202 Pac. 97), and if judgment had already been obtained, have seized them on execution. (*McGreenery v. Murphy*, 39 L. R. A., n. s., 374, and Note.) An equitable remedy like the creditors' bill is also available, through which a lien on the property or fund may be obtained, and which is effective when a bill is filed. (*McConnell v. Wolcott*, 70 Kan. 375, 78 Pac. 848; 15 C. J. 1441.) Here, however, the milling company did not undertake to secure a lien on the property or fund, as it might have done, by attachment or garnishment. It chose to bring a personal action, and the bringing of the suit against Prather and Cloud before the justice of the peace gave it no lien on the property or fund nor any preferred right over other creditors. Indeed, by reason of the appeal it has not yet obtained

a final judgment, and whether or not it holds a valid claim as against the parties sued has not yet been determined.

Again, the milling company practically acknowledged that it had no lien or superior right when it intervened in this action and asked to share in the fund with other creditors. In its intervention it claimed a *pro rata* part of the fund which Cloud had paid for the stock and fixtures—an attitude wholly inconsistent with a superior right or prior lien. This was equitable and in accordance with the theory of the bulk-sales law, of which it has been said the "goods in a sense constituted a trust fund for the benefit of all creditors alike," etc. (*Bank v. Davis,* 103 Kan. 672, 675, 175 Pac. 972. See, also, *Fitz Henry v. Munter,* 33 Wash. 629.) The act provides that to make a legal sale in bulk the seller must give the purchaser a verified list of all his creditors, and the purchaser is required to give notice to all creditors so listed. (R. S. 58-101.) In lieu of sending such notices the purchaser may receive from the seller a bond conditioned that the seller will pay the debts due all creditors, and such creditors may sue upon the bond and recover to the extent of the present value of the stock transferred. It is further provided "that any suit brought upon such bond shall be for the use and benefit of all the creditors." (R. S. 58-102.) As said in *Fitz Henry v. Munter,* supra:

"The objects of this law was to hold the goods of debtors under such circumstances as a trust fund for the benefit of all the creditors, and to hold the purchaser in possession as a trustee for such creditors."

The provisions referred to indicate a purpose to make an equitable distribution of the property or fund among the creditors, giving, of course, priority to those who had acquired express liens before the illegal transfer was made. It would seem that if the seller cannot give a preference to a creditor by selling to him the entire stock without compliance with the bulk-sales law, a single general creditor whose claim had not even been converted into a judgment could not obtain a preference to the exclusion of other creditors.

Under the facts of the case we conclude that the award of the entire fund to the milling company was not warranted, and therefore the judgment will be reversed with directions to distribute the funds *pro rata* to all the creditors who are parties to the suit claiming the funds.