No. 33,835

CLAUDE EPPERSON, *Appellee*, v. THE KANSAS STATE DEPARTMENT OF INSPECTIONS AND REGISTRATION and J. L. GRIMES, Director, *Appellants*.

(78 P. 2d 850)

Opinion filed May 7, 1938.

*Clarence V. Beck,* attorney general, *J. S. Parker, William E. Scott,* assistant attorneys general, *Harold Irwin,* deputy county attorney, *F. A. Sloan,* of Topeka, and *O. R. Nelson,* of Wichita, for the appellants.

*William J. Wertz, Vincent F. Hiebsch* and *Forest V. McCalley,* all of Wichita, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Claude Epperson held two licenses for the calendar year 1937 to sell cigarettes under G. S. 1935, 79-3301 *et seq.* Upon notice and after hearing, the defendant J. L. Grimes, the director of inspections and registration, revoked one license and suspended the other for sixty days. As provided by the above statute, Epperson appealed to the district court. From certain rulings of the trial court hereafter mentioned the director appeals to this court.

Without reciting it in detail, the plaintiff's petition charged that the action of the director in revoking and suspending his licenses was willful and malicious and deprived him of his property and rights without due process of law, and that unless the director was enjoined from enforcing his orders and from refusing to sell plaintiff the stamps required under the above statute, he would suffer irreparable injury. On the same day the petition was filed the trial court enjoined and restrained the director from refusing or denying plaintiff the privilege of purchasing stamps for cigarettes until further order of the court. In due time the director answered, admitting suspension of the licenses and denying his action was malicious, willful or arbitrary.

It is sufficient for our purposes here to say that at the trial, on November 10, 1937, the court rendered judgment in favor of the defendant, and "It is further considered, ordered, adjudged and decreed by the court that plaintiff be given thirty days in which to perfect his appeal." On December 10, 1937, Epperson appealed to this

court. Thereafter and on December 17, 1937, the notice, not having been sent forward to this court, was withdrawn by Epperson from the files of the district court. We shall not discuss the legal effect of this maneuver. On the same day he filed a document in the district court entitled "Petition for Rehearing," alleging newly discovered evidence, all of which, according to the allegations, pertained to matters subsequent to the trial on November 10, 1937, including that on December 6, 1937, Epperson had ordered cigarette stamps from the director, who had refused the order. There were also reallegations of bad faith and arbitrary conduct on the part of the director. On the same day, and without serving any copy on the director and without notice to him, plaintiff presented the document to the trial court, which granted a rehearing. In its order the trial court made no reference to any temporary injunction, restraining order or stay.

Thereafter and on December 21, 1937, the trial court caused citation to issue for the director, commanding him to appear before the court on December 28, 1937, and show cause why he should not be punished for contempt of court for refusing to sell cigarette stamps to Epperson. On the appointed date the director did not appear personally, but was represented by his attorney. When the trial court was so advised it issued a bench warrant directing the sheriff to arrest the director, if necessary to hold him in jail and to bring him before the court there to show cause why he had failed to comply with the orders of the court. The director immediately appealed from all adverse rulings, and pending disposition of the appeal, further action in the trial court was stayed by order of this court.

The appellant presents five questions for our consideration and determination, and in connection therewith contends the trial court erred: (1) in restraining the appellant from in any way carrying out the order of suspension; (2) in granting plaintiff thirty days in which to perfect his appeal; (3) in granting plaintiff a rehearing; (4) in citing appellant to show cause why he should not be held in contempt, and (5) in ordering the bench warrant to issue for appellant.

The appellee challenges appellant's right to be heard as to the first question for the reason that more than sixty days expired between the date the temporary injunction or restraining order was made and the present appeal was perfected, and as to the fourth and fifth questions because the orders complained of were not final orders. It seems conceded the appeal does lie as to the second and third questions.

Because of the manner in which we shall treat the questions, it is not necessary that we now determine whether the appeal was in time as to the first question nor that we discuss whether the order granting the injunction was a judgment from which an appeal must be taken in sixty days as required by Laws 1937, chapter 268, section 2, or a ruling under section 5 of that act, which could be reviewed at any time. And for reasons hereafter mentioned we need not determine whether the orders mentioned in the fourth and fifth questions were final orders.

Although appellant insists that courts are without power to restrain public officers from performing required official acts, for the purpose of disposing of this appeal it is not necessary we consider and determine the question. As has been noted, the main purpose of the action was to review the order of the director suspending licenses of the plaintiff as a cigarette dealer and the injunctive relief was sought only as a provisional remedy. We shall assume that the temporary injunction granted by the trial court at the time the petition was filed on September 10, 1937, was a proper exercise of power under G. S. 1935, 60-1102. When the action was tried on November 10, 1937, and determined in favor of the defendant, the effect was to discharge the injunctive order, and it could only remain effective by reason of a stay order properly made by the court. The court made its order as above quoted, giving the plaintiff thirty days in which to appeal. Such authority as the trial court had under the circumstances was that conferred by G. S. 1935, 60-3331, which for our purposes reads:

"When an order discharging . . . temporary injunction shall be made in any case, and the party who obtained such . . . injunction shall appeal from such order to the supreme court, the court or judge granting such order shall, upon application of the appellant, *fix the time, not exceeding ten days from the discharge . . . of such . . . injunction, within which the appeal shall be perfected,* and during such time the execution of said order shall be suspended and until the decision of the case upon appeal, if the appeal be taken; . . . *If the appeal be not taken within the time limited, the order of discharge shall become operative and be carried into effect."* (Italics inserted.)

It will be observed that under the statute the order of discharge became effective if the appeal to this court was not perfected within ten days. The trial court was without power to extend the time to thirty days—its order, by reason of the statute, must be read as though it fixed time for appeal at ten days. As the appeal was not perfected in that time, the order of discharge became operative,

and the temporary injunction was thereafter a nullity, unless the order of the trial court granting a rehearing had the effect of reinstating it, and unless it was reinstated in some manner, it is obvious there was no ground upon which to rest a citation for contempt for violation of it or for the subsequent issuance of a bench warrant.

As has been noted, the cause was determined November 10, 1937, and the time for appeal insofar as discharge of the injunction was concerned expired November 20, 1937. On December 6, 1937, plaintiff sent the defendant $20 with which to purchase cigarette stamps, and on December 10, 1937, defendant returned the remittance to plaintiff and advised him he was operating under suspension made by the defendant department. On the last-mentioned date, plaintiff perfected his appeal, which he later attempted to withdraw. But all he could appeal from at that late date was the correctness of the trial court's ruling in finding in favor of the defendant on the main issue whether his license as a cigarette dealer had been properly suspended.

Although the statute provides that during term time the trial court shall have power to vacate and modify its own orders and judgments (G. S. 1935, 60-3007 *et seq.*), and although our decisions recognize that the district court has a wide and extended discretion in opening up judgments and modifying proceedings if it does so at the same term (among others: *State, ex rel., v. Sowders,* 42 Kan. 312, 22 Pac. 425; *Sylvester v. Riebolt,* 100 Kan. 245, 164 Pac. 176; *State v. Langmade,* 101 Kan. 814, 168 Pac. 847; *Klopfenstein v. Traction Co.,* 109 Kan. 351, 354, 198 Pac. 930; *Isenhart v. Powers,* 135 Kan. 111, 9 P. 2d 988), it will be observed that there are statutory provisions that the adverse party have notice and that each party have an opportunity to be heard. (See the above statutes and decisions and G. S. 1935, 60-722, 60-2932, 60-3003, and rule 45 of this court.) The order granting rehearing here was made immediately upon filing of a petition therefor and without any notice whatever to appellant. If it had the effect of reinstating the temporary injunction it made defendant guilty of a violation, although at the time he refused to sell plaintiff stamps there was no injunction in force. It must not be overlooked that before the action was tried on November 10, 1937, defendant had answered. While the trial court might properly allow injunctive relief without notice as provided by G. S. 1935, 60-1102 and 60-1108, under G. S. 1935, 60-1109, an injunction shall not be granted against a party who has

answered, unless upon notice. Even if it be assumed that plaintiff could let his time for appeal pass, as he did here, and then seek and obtain further injunctive relief, it would seem he could do so only upon specific application for such provisional relief, notice to the adverse party, and a new order, and that such a result does not follow from the granting of a petition for rehearing after time for appeal has passed. And we so hold. The result is that there was no injunctive order of any kind in existence at the time the proceedings for contempt were being had, and those proceedings in all their parts must be vacated and set aside.

In connection with the contention the trial court erred in granting a rehearing, it is to be observed that the licenses, the suspension or revocation of which gave rise to this action, have by their terms expired (G. S. 1935, 79-3303), that nothing the trial court or this court may do with respect to licenses issued for the calendar year 1937 will now be of any force or effect, and that the matter is moot.

Insofar as the proceedings in contempt are concerned, the cause is remanded with instructions to the trial court to vacate and set aside its orders with respect thereto. In all other respects the appeal is dismissed.