No. 35,196

R. H. GARVEY, *Appellant,* v. ANSEL LONG and IRMA M. LONG, *Appellees.*

(114 P. 2d 821)

Opinion filed July 5, 1941.

*George Barrett* and *Robert G. Miller,* both of Pratt, for the appellant.
*George L. Hay,* of Kingman, for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action to recover on a promissory note. Summons was had by publication service on an affidavit in which it was averred that defendants were nonresidents of Kansas, and by the same process an attachment was made on 240 acres of their land.

Defendants made a special appearance to present a verified motion to quash the service and to dissolve the attachment, in which they alleged that the grounds stated in the attachment affidavit were not true, and that defendants were and always had been residents of Kansas.

The trial court heard evidence on the issues raised by defendants' motion, and on November 11, 1940, that motion was sustained; the service of summons by publication was quashed, and the attachment was dissolved.

On January 9, 1941, plaintiff served notice of appeal. That notice recited that plaintiff appealed from the order of the district court quashing the service of summons and dissolving the attachment. The notice further recited that plaintiff appealed from any and all adverse rulings of the district court in the action.

In his appeal plaintiff assigns error on the two adverse rulings stated above and also on a ruling of the trial court dismissing the action. However, as to this *third* assigned error, appellee correctly makes the point that neither the journal entry of judgment of November 11, 1940, nor the notice of appeal of January 9, 1941 (which documents constitute the appeal papers), contains any recital that the action in the district court has been dismissed nor the date of any such dismissal.

We shall therefore address ourselves to the errors assigned on the two rulings which the record does disclose.

It should go without saying that the question whether defendants could be brought into court by publication service depended on whether they were or were not nonresidents of Kansas. This was a question of fact, which the trial court decided in favor of defendants. In plaintiff's abstract and brief, his counsel concede that the evidence in support of defendants' motion was sufficient to prove that the attached property was the homestead and residence of the defendants. It is contended, however, that in the contest over the motion to quash the service defendants so broadened the issue as to

constitute their general appearance in the action under the rule announced in *Meador v. Manlove*, 97 Kan. 706, 156 Pac. 731; *Linn v. Houston*, 123 Kan. 409, 255 Pac. 1105, and other familiar cases; and that in consequence they were in court for all purposes. This contention is not supported by the record and cannot be sustained. (*Cox v. Pabst Brewing Co.*, 152 Kan. 375, 378, 103 P. 2d 871.)

Touching the error predicated on the court's order discharging the attachment, the trial court's findings of fact that the defendants were not nonresidents as averred in the attachment affidavit would seem to be quite sufficient to justify the trial court's ruling. If further justification be needed it certainly is supplied by the specific language of the civil code (G. S. 1935, 60-3331), which fixes a time limit of ten days in which to appeal to the supreme court from an order of the district court discharging an attachment. This appeal was not taken within the time allowed as shown above, and the judgment of the district court must therefore be affirmed. It is so ordered.