No. 37,734

.First National Bank in Wichita, a Corporation, *Appellant*, v. J. A. Bryant (Defendant) and Fourth National Bank in Wichita, a Corporation (Garnishee Defendant), *Appellees*.

(113 P. 2d 1002)

Opinion filed January 28, 1950.

*Homer V. Gooing*, of Wichita, argued the cause, and *Howard T. Fleeson, Wayne Coulson, Paul R. Kitch, Dale M. Stucky*, and *Donald R. Newkirk*, all of Wichita, were with him on the briefs for the appellant.

*E. E. Sattgast*, of Wichita, argued the cause, and *John Madden, Jr.*, of Wichita, was with him on the briefs for the appellee, J. A. Bryant.

No appearance was made for the appellee, Fourth National Bank in Wichita.

The opinion of the court was delivered by

Parker, J.: This was a civil action for the recovery of money in which the plaintiff was entitled to invoke the provisional remedy of garnishment. Since, under the statute (G. S. 1935, 60-951) and our decisions construing its terms (*Bumgardner v. Halverstadt*, 115 Kan. 124, 126, 222 Pac. 762; *Cole v. Thacker*, 158 Kan. 242, 250, 146 P. 2d 665), the garnishment proceeding is to be regarded as an action by the plaintiff against the garnishee and defendant as parties defendant we are not concerned with the facts on which liability of the defendant in the main action is virtually conceded. For that reason this opinion, in which for convenience the parties

472

will be referred to in the manner recognized by the statute, is limited to matters apropos to the garnishment proceeding.

Following institution of the principal action plaintiff filed an affidavit for garnishment, not here in question, and caused a garnishee summons to issue, in form as set forth in the code of civil procedure (G. S. 1935, 60-943), and be served on June 24, 1948, upon four banking institutions of the city of Wichita, three of which made answer disclaiming liability and are no longer involved because plaintiff failed to join issue on their answers. The fourth of such institutions, Fourth National Bank in Wichita, answered that at the time of service of the garnishment summons it was indebted to the defendant in a sum stated, the amount of which is not material to a disposition of the controversial issues here involved.

The return on the garnishee summons fails to show service upon the defendant. Plaintiff does not challenge the correctness of that return. In fact it makes no claim the defendant or his attorney of record have ever been served with summons in the garnishment proceeding as required by the provisions of 60-943.

More than four months after the garnishee was served with summons defendant filed a simple motion to dismiss and dissolve the purported garishment. We are told by the parties, and therefore assume the fact to be, that this motion was presented by defendant's counsel precisely as if it were a motion to quash service of the garnishment summons on the sole ground the record failed to disclose such a summons had been served upon defendant and that counsel for plaintiff contended the motion constituted a general appearance by defendant in the garnishment proceeding and hence resulted in a waiver of any jurisdictional defect arising by reason of any lack of process therein. In any event, on February 2, 1949, the trial court sustained the motion, dissolved and dismissed the garnishment, and discharged the garnishee. Thereafter plaintiff attempted to have such order and judgment set aside. Failing in this, it notified both defendant and garnishee on April 2, 1949, of its intention to appeal from all matters covered by the trial court's order and decision of February 2, 1949.

Shortly after the instant case reached this court defendant, John Bryant, hereinafter referred to as the appellee because the garnishee makes no appearance on appellate review, moved to dismiss the appeal on the ground it was not filed in time. That motion was summarily denied with leave to renew it when the cause came on for

hearing on the merits. Appellee has renewed his motion and insists that it be passed upon. Therefore it must be given consideration.

The jurisdictional challenge thus raised depends entirely upon the import to be given certain provisions of G. S. 1935, 60-3331, which read:

"When an order discharging or modifying *an attachment* or temporary injunction shall be made in any case, and the party who obtained such attachment or injunction shall appeal from such order to the supreme court, the court or judge granting such order shall, upon application of the appellant, fix the time, not exceeding ten days from the discharge or modification of such attachment or injunction, within which the appeal shall be perfected, and during such time the execution of said order shall be suspended and until the decision of the case upon appeal, if the appeal be taken; and the undertaking given upon the allowance of the attachment shall be and remain in full force until the discharge shall take effect. If the appeal be not taken within the time limited, the order of discharge shall become operative and be carried into effect." (Emphasis supplied.)

Appellee's position is based squarely upon the proposition garnishment is nothing more or less than a form of attachment and that therefore orders dissolving and dismissing garnishments come within the purview of the terms of the section of the statute just quoted. Conceding, as appellant points out, this particular question is here for the first time since 1889, when by the enactment of Laws of 1889, ch. 151 (now G. S. 1935, ch. 60 art. 9, a portion of our code of civil procedure), garnishment became a separate and distinct provisional remedy, and that there are some authorities in foreign jurisdictions to the contrary, we are inclined to the view that appellee's position must be upheld.

Long after the garnishment statute referred to came into force and effect in *Bank v. Davis,* 109 Kan. 758, 202 Pac. 97, while disposing of a claim that garnishment differed from attachment, we held:

"Garnishment is merely another form of attachment—a species of seizure, by notice, of property and funds in the hands of a third person. (citing cases)." (Syl. ¶ 2.)

That this court did not believe the essential characteristics of garnishment proceedings were changed by the 1889 enactment is fully demonstrated by the fact that in the case just cited, both in the opinion and in the syllabus, it referred to and relied on *Beamer v. Winter,* 41 Kan. 596, 21 Pac. 1078, dealing with the law then in force and effect, which holds:

"Garnishment is attachment in the hands of a third person, and thereby is a species of seizure by notice." (Syl. ¶ 1.)

Appellant insists the rule in the Beamer case is no longer applicable for two reasons. First, it contends that an attaching plaintiff acquires a lien upon specific property while in garnishment he acquires nothing more than a judicial admonition to the garnishee to hold property subject to orders of the court. A similar claim was made and rejected in·Bank v. Davis, supra. We add that we regard its rejection as proper if for no other reason than the result to the defendant is the same. In either proceeding he ultimately loses his property or is deprived of its use and benefits until the litigation in which the ancillary remedy is invoked is fully terminated. Secondly, appellant suggests that under the present statute (G. S. 1935, 60-943) garnishment reaches unmatured debts and contingent liabilities. That fact makes the rule no less applicable. The statute then in force and effect (G. S. 1868, ch. 80, § 200) was equally potent.

Adherence to the cases to which we have heretofore referred requires a decision that garnishment is attachment within the meaning of the latter term as used in G. S. 1935, 60-3331. In addition, we believe legislative approval of that construction of the terms of such section is to be found in the present law. To say the least it is significant that since 1868 the statute authorizing garnishment in aid of execution has contained the provision "All subsequent proceedings against the garnishee shall be the same as in cases of attachment, as far as applicable." See G. S. 1868, ch. 80, § 504, now G. S. 1935, 60-34,109. Of a certainty this court has adopted that view. In the recent case of *State Bank of Dodge City v. McKibben*, 146 Kan. 341, 70 P. 2d 1, we said:

"What section 546 (G. S. 1935, 60-34,109) means to say is that after sections 544 and 545 have been properly invoked, all subsequent proceedings shall conform to what the code has already prescribed, as in cases of attachment, as far as applicable. Article 9 of the civil code outlines the general procedure in attachment and garnishment; and it is to that article that the plaintiff seeking to perfect his proceedings in garnishment must look for guidance. . . ." (p. 345.)

Having decided appeals from orders resulting in the discharge of garnishees must be taken within the time prescribed by section 60-3331 we have little difficulty in determining the status of the instant proceeding. Appellant failed to take an appeal from the order dissolving the garnishment within ten days. Under our decisions ap-

peals from all orders coming within the purview of such section, including the one here involved, must be perfected within ten days in order to be entitled to appellate review. (See *Garvey v. Long,* 154 Kan. 85, 114 P. 2d 821; *Epperson v. Department of Inspections & Registrations,* 147 Kan. 762, 765, 78 P. 2d 850; *Woodson v. School District,* 127 Kan. 651, 274 Pac. 728.)

In an attempt to forestall the result which must necessarily follow the conclusion just announced, and obtain a review on the merits, appellant directs our attention to the fact it sought to obtain a rehearing of the trial court's order discharging the garnishment and that its notice of appeal was served and filed the day after that tribunal refused to modify its original order. There are two reasons why that situation is of no avail. One is that it appears from the record such order was never set aside and had become final. The other is that the notice of appeal itself, as we have heretofore pointed out, expressly states the order appealed from is the one entered by the trial court on the 2d day of February, 1949.

The appeal is dismissed.