## No. 38,525

THE STATE OF KANSAS, *Appellant*, v. JIM SHARPE, *Appellee*.

(241 P. 2d 501)

Opinion filed March 8, 1952.

*Robert F. Galloway,* of Marysville, and *C. Harold Hughes,* of Manhattan, argued the cause, and *Harold R. Fatzer,* attorney general, and *Charles Hughes,* of Manhattan, were with them on the briefs for the appellant.

*Harry A. Lanning,* of Seneca, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was a criminal action. The state appeals from a ruling of the trial court sustaining the defendant's motion for a new trial.

As the result of a trial, on February 28, 1951, the jury returned a verdict finding defendant guilty of a violation of G. S. 1949, 21-424. Upon proper application defendant was given time to and did file his motion for a new trial on grounds including erroneous admission of evidence and failure to fully instruct the jury, and later and on April 5, 1951, the trial court set aside and annulled the verdict of February 28, 1951, granted defendant a new trial and continued the action until the May term of the court. On May 5, 1951, the state made an oral application to the court to file a motion for a rehearing of the defendant's motion for a new trial, and after hearing argument the trial court permitted the state to file such a motion. At sometime not disclosed by the record the state filed its motion for a rehearing, which the trial court heard on June 15, 1951, at which time it again sustained defendant's motion for a new trial, ordered that the verdict of February 28, 1951, be set aside and annulled; that defendant be granted a new trial and that the action be continued until the October term. Under date of June 21, 1951, the state appealed to this court from the ruling of the trial court made June 15, 1951. It is noted there was no appeal from any other ruling of the trial court of any other date. In its abstract the state includes as a specification of error that the trial court erred in granting the defendant a new trial, as well as in its rulings on the admission of evidence.

We first examine the record to determine whether the appeal is properly perfected and before us for consideration.

Under G. S. 1949, 62-1703, the state may appeal to this court from the district court upon a question reserved by it, and without discussion we are of the opinion that the question the state seeks to have reviewed was sufficiently reserved under our holdings in *State v. Simpson,* 169 Kan. 527, 220 P. 2d 175, *State v. Clark,* 171 Kan. 734, 237 P. 2d 255, and cases cited. It is further provided by G. S. 1949, 62-1725, that if the state desires to appeal any case mentioned in the preceding section, the county attorney, *within ten days after the ruling complained of,* shall serve notice of appeal, file the same with the clerk of the district court, *order a transcript of so much of the testimony as is needed to present the case on appeal,* see that the journal entry of the ruling complained of is filed and cause copies of such notice of appeal, with proof of service, *order for transcript* and journal entry, to be filed with the clerk of the supreme court.

The order appealed from was made June 15, 1951, but the notice of appeal was not filed with the clerk of the supreme court until June 26, 1951. If any order for a transcript was filed in the district court (and a transcript was necessary in the instant case), no copy of it was certified to this court. Although the appeal might be subject to dismissal for the failure to comply with the statutory requirements as to time and content, we shall not rest our disposition on that ground alone.

It will be observed that the original order granting defendant a new trial was rendered on April 5, 1951, and that under the above statute, the state's right to appeal from the ruling expired May 15, 1951, and as a matter of fact it never has appealed from that ruling. After the time for appeal had expired, the state asked the court for permission to file a motion for reconsideration, such permission was granted and the motion filed. That motion was not of right, but was an appeal to the trial court's discretion.

Under G. S. 1949, 62-1414, it is provided that a verdict may be set aside and new trial granted for like causes and under like circumstances as in civil cases. In civil cases we have held repeatedly that the time for appeal from rulings on purely legal questions inherent in a judgment cannot be extended by the filing of a motion for a new trial. (See *Cimarron Co-operative Equity Exchange v. Warner*, 166 Kan. 190, 192, 200 P. 2d 283, and cases cited, as well as *First National Bank v. Bryant*, 168 Kan. 471, 475, 113 P. 2d 1002.) The state's motion presented only questions of law. In effect we are asked to say that the state, after its time to appeal from a ruling granting a new trial had become a finality, may file a motion for reconsideration and thus avoid that finality, and upon an adverse ruling may appeal and present for our consideration a review of all that transpired previously in the trial. That may not be done. We are not here concerned with any question that might arise had the trial court reversed its ruling on the defendant's motion for a new trial, and shall not discuss it.

The state's appeal is dismissed.