No. 40,994

STATE INVESTMENT COMPANY, a Corporation, *Appellee,* v. PACIFIC EMPLOYERS INSURANCE COMPANY, a Corporation, *Appellant.*

(326 P. 2d 303)

Opinion filed June 7, 1958.

*William Tinker,* of Wichita, argued the cause, and *Getto McDonald, Arthur W. Skaer, Hugh P. Quinn, William Porter, John E. Lancelot* and *Alvin D. Herrington,* all of Wichita, were with him on the briefs for appellant.

*Evart Mills,* of McPherson, argued the cause, and was on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: The question presented is whether a district court, having previously denied plaintiff's motion for a new trial following the entry of judgment for the defendant in a prior term of court, may subsequently, but within the same term in which it entered its order overruling the motion for a new trial, vacate and set aside that order and grant a new trial without notice to the parties affording them an opportunity to appear and be heard.

In view of the conclusions hereafter announced, the question is answered in the affirmative.

State Investment Company commenced an action for the recovery of unearned premiums on certain insurance policies issued by Pacific Employers Insurance Company, which were financed by the plaintiff. Issues were joined and trial was had before the Honorable Alfred G. Schroeder on November 16, 1956. The matter was taken under advisement, and on January 12, 1957, within the January 1957 term, Judge Schroeder made findings of fact and conclusions of law and rendered judgment for the defendant.

On January 14, 1957, the Honorable George L. Allison succeeded Judge Schroeder as judge of the district court of McPherson County. On the same day, plaintiff filed its motion for a new trial and ordered a complete transcript of the evidence which transcript was not made available to Judge Allison until during the April 1957 term. On May 17, 1957, plaintiff's motion for a new trial was fully argued, briefs were submitted by both parties and on May 24, 1957, the district court, following a thorough examination of the record, overruled plaintiff's motion.

Plaintiff had previously commenced a similar action against the Cimarron Insurance Company, Inc. (*State Investment Co. v. Cimarron Insurance Co.,* appeal No. 40,934, 183 Kan. 190, 326 P. 2d

299, this day decided) which was tried by a jury May 27-29, 1957, and a verdict was returned for the plaintiff. Cimarron Insurance Company, Inc. filed its motion for a new trial, which was heard and overruled by the district court on June 28, 1957. At the time Cimarron Insurance Company's motion for a new trial was overruled, counsel for plaintiff orally requested that the district court reconsider its order of May 24, 1957, and grant plaintiff a new trial in the present action.

The April, 1957, term of the district court of McPherson County ended October 6, 1957. On October 4, 1957, Judge Allison concluded that plaintiff's motion for a new trial filed January 14, 1957, should have been sustained, and without notice to the parties entered an order setting aside the order of May 24, 1957, and ordered that a new trial be granted. The defendant has appealed from the order of October 4, 1957, granting plaintiff a new trial.

At the outset, the defendant concedes the district court has power to vacate and modify its orders or judgments at or after the term at which they are made (G. S. 1949, 60-3007) and may, upon sufficient cause shown, in the exercise of its sound discretion amend, correct, revise, open or vacate such orders or judgments, but maintains that a motion for a new trial cannot be granted without notice and hearing to the parties, citing G. S. 1949, 60-3003 and *Epperson v. Department of Inspections & Registration,* 147 Kan. 762, 78 P. 2d 850.

G. S. 1949, 60-3003 provides that a motion for a new trial,

". . . may be heard and decided by the judge at chambers *on reasonable notice to the parties.*" (Emphasis supplied.)

The order of October 4, 1957, granting the new trial was based upon the motion filed January 14, 1957. The defendant had notice of the hearing of that motion since it was fully argued by both parties and briefs were submitted to the district court. Following that hearing and on May 24, 1957, the motion was overruled. Although the transcript of the evidence was ordered during the January, 1957, term, it was not available for Judge Allison's study until during the April, 1957, term. Where a motion for a new trial is timely filed, as here, the jurisdiction of the district court is not lost by the fact the motion was not considered and determined until after the term of court at which the judgment was rendered (*Barstow v. Elmore,* 177 Kan. 30, 32, 276 P. 2d 360, and cases cited therein).

Following the overruling of the motion, the district court had

absolute control over that order to modify, alter, change or vacate it in whole or in part and error may not be predicated upon the mere fact the district court first announced its decision in favor of the defendant by overruling plaintiff's motion, and within the same term of court vacated and set aside that order and granted plaintiff a new trial (*Sylvester v. Riebolt*, 100 Kan. 245, 164 Pac. 176; *Burnham v. Burnham*, 120 Kan. 90, 242 Pac. 124; *Eckl v. Brennan*, 150 Kan. 502, 95 P. 2d 535; *Rasing v. Healzer*, 157 Kan. 516, 142 P. 2d 832; *Smith v. Smith*, 171 Kan. 619, 237 P. 2d 213). The fact that the district court at a subsequent time, but within the same term of court, reconsidered its ruling and reached a conclusion that its order of May 24, 1957, was erroneous or that the plaintiff had not obtained or received substantial justice did not prevent it from entering its order of October 4, 1957, notwithstanding notice was not given to the parties affording them an opportunity to be heard. The rights of the parties were safeguarded by the hearing on May 17, 1957.

The absolute power which a district court has over its orders, decrees and judgments has been referred to as,

". . . a wholesome provision of the law and necessary to the administration of justice. In the hurry of business, and confusion incident to a term of court, it often becomes necessary to correct during the term the mistakes that have been made, and these can be corrected at any time during the term. . . ."

(*Cornell University v. Parkinson*, 59 Kan. 365, 371, 53 Pac. 138.) In *Federal Land Bank v. Richardson*, 146 Kan. 803, 73 P. 2d 1005, this court said:

"Independent of the code, it is well recognized in this state that a district court has jurisdiction of its judgments and orders during the term of court at which they are rendered, and in the exercise of its judicial discretion on motion of an interested party, *or on its own motion, the court may set aside or modify the judgment or order.* . . ." (l. c. 806.) (Emphasis supplied.)

Defendant also specifies as error that the order of October 4, 1957, did not vacate or set aside the court's findings of fact and conclusions of law although they were consistent with the judgment entered for the defendant. The point is not well taken. The order granting the new trial set aside the findings of fact and conclusions of law upon which judgment was rendered. An order granting a new trial results in the case standing as it did before trial; therefore, there were no findings of fact and conclusions of

law, and, consequently, no judgment (*Nicholas v. Latham,* 179 Kan. 348, 353, 295 P. 2d 631, and cases cited therein).

We have carefully examined the authorities cited by the defendant and find them not in point.

In view of the well-established rule set forth in the decisions cited herein, it was within the power of the district court to vacate and set aside its order of May 24, 1957, and to grant a new trial on October 4, 1957, without further notice and hearing. The judgment of the district court is affirmed.

SCHROEDER, J., not participating.