No. 43,047

STATE OF KANSAS, *Appellant*, v. ARTHUR G. WILLIAMS, *Appellee.*

(375 P. 2d 625)

Opinion filed November 3, 1962.

*Robert S. Luke*, county attorney, argued the cause and was on the briefs for the appellant.

*L. R. Hannen*, of Burlington, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: The proceedings leading up to and giving rise to this appeal can be briefly stated.

Defendant, Arthur G. Williams, was brought to trial before a jury in the district court of Coffey County, Kansas, on an information containing two counts, the first charging him with transporting an open bottle of alcoholic liquor, within his access as driver, in a motor vehicle upon a public highway in Coffey County in violation of G. S. 1949, 41-804, and the second charging him with traveling on such highway at an approximate speed of seventy-five miles per hour in the nighttime in violation of the provisions of G. S. 1959 Supp., Chapter 8, Article 5.

When the state rested its case the defendant demurred to evidence adduced in support of Count 1 of the information on the ground it was insufficient to establish all the necessary elements of the offense charged in such count. After argument by counsel, in the absence of the jury, the trial court sustained the demurrer on January 16, 1962, whereupon the state, as authorized by G. S. 1949, 62-1703, announced it reserved the question involved in the ruling for purposes of appeal. So far as the record discloses this is the only question reserved by the state.

Following action as last indicated, the defendant advised the court he was withdrawing his plea of not guilty to Count 2 of the information and desired to plead guilty to the offense therein charged against him. Upon being so advised the court announced it accepted the plea of guilty and then rendered judgment and imposed sentence against the defendant for commission of the offense charged in the second count of the information. Thereupon, the court recalled the jury and, after stating that its services were no longer needed in the case, advised it that it was discharged.

Thereafter, and on January 25, 1962, the state served counsel for defendant with a notice of appeal which, for all purposes here pertinent, may be said to have notified defendant that it intended to and did appeal to this court from the district court's ruling and order sustaining his demurrer to its evidence as to Count 1 of the information. This notice, it should be stated, was filed in the office of the clerk of the district court of Coffey County on January 25, 1962, but it was not filed with the clerk of this court until February 15, 1962, far more than ten days after the date of the rendition

of the order and ruling from which the state now seeks appellate review.

At the outset, by motion as well as on oral argument, appellee directs our attention to the provisions of G. S. 1949, 62-1725, which definitely prescribe certain requirements with which the state must comply if it desires to perfect an appeal in any case mentioned in G. S. 1935, 62-1703, now G. S. 1949, 62-1703, and insists the instant appeal must be dismissed because of failure on the part of the state to comply with such requirements. This, of course, presents a jurisdictional question which must be determined before any consideration can be given to the merits of the appeal.

So far as here pertinent the statute (G. S. 1949, 62-1725), on which appellee relies to sustain his position on the point now in question, reads:

"If the state desires to appeal in any case mentioned in section 62-1703 of the General Statutes of 1935, the county attorney, within ten days after the ruling complained of, shall serve notice of appeal upon the defendant, or his attorney of record, and file the same with the clerk of the court, order a transcript of so much of the testimony as is needed to present the case on appeal, see that the journal entry of the ruling complained of is filed, and cause copies of such notice of appeal, with proof of service, order for transcript and journal entry, to be filed with the clerk of the supreme court. . . ."

The force and effect to be given the provisions of the statute just quoted were squarely passed upon and determined by this court in *State v. Sharpe*, 172 Kan. 520, 241 P. 2d 501, to which we adhere, where it is held:

"If the state desires to appeal to the supreme court on a question reserved by it in the trial of a criminal action, the county attorney, *within ten days after the ruling complained of*, shall serve notice of appeal, file the same with the clerk of the district court, order a transcript of so much of the testimony as is needed to present the case on appeal, see that the journal entry of the ruling complained of is filed and cause such notice of appeal, with proof of service, order for transcript and journal entry, to be filed with the clerk of the supreme court, *all as provided by G. S. 1949, 62-1725*, and in the event of his failure to follow those statutory requirements, the attempted appeal is subject to dismissal." (Syl. ¶ 1.) (Emphasis supplied.)

From the heretofore quoted statute and the case last cited it appears we must examine the record to determine whether the instant appeal is properly perfected and before us for consideration. Having examined the record it can now be stated, from matters which are documentary in character and must be conceded, that the state, within the time required by G. S. 1949, 62-1725, *i. e., within ten days*

*after the ruling complained of,* failed (1) to order a transcript of so much of the testimony as is needed to present the case on appeal; (2) to see that the journal entry of the ruling complained of was filed with the clerk of the district court; (3) to cause copies of such notice of appeal, with proof of service, order for transcript and journal entry, to be filed with the clerk of the supreme court.

In the face of the foregoing uncontradicted facts of record the statute 62-1725, *supra,* as construed by this court in *State v. Sharpe,* supra, compels a conclusion the instant appeal is not properly perfected and therefore not subject to appellate review.

It necessarily follows such appeal must be dismissed and it is so ordered.