No. 26,831.

The Maryland Casualty Company, *Appellant*, v. Claude Ladd, *Appellee.*

SYLLABUS BY THE COURT.

Workmen's Compensation Act—*Right of Insurer to Remedy of Employee— Nature of Statutory Remedy—Limitations of Actions.* An employer engaged in building and repairing streets and operating under the workmen's compensation act, employed a workman who in the course of his employment was injured by the negligence and wrong of a stranger, and thereupon the employer became liable to the workman under the provisions of the compensation act. The employer had entered into a contract with a casualty company to indemnify him against liability to his employees because of injuries sustained in the course of their employment. The liability of the employer for compensation to his workman was recognized and was assumed and paid by the casualty company. In pursuance of a provision of the compensation act (R. S..44-504) that an indemnitor who has paid compensation shall be subrogated to the rights of a workman to recover damages against the wrongdoer, the casualty company brought an action against the wrongdoer by whose negligence the injury was inflicted upon the workman, alleging that the injury was the result of the wrong and negligence of the stranger and asking damages against him. *Held,* that the statute allowing a substitution of the party who had paid the indemnity did not change the nature of the liability of the stranger for the wrong and injury and gave the indemnitor only the rights and remedies possessed by the workman, and that as the action was one in tort to recover damages for a wrongful personal injury, it became barred in two years after the injury was inflicted.

Appeal from Greenwood district court; Allison T. Ayres, judge. Opinion filed October 9, 1926. Affirmed.

*S. F. Wicker* and *Gordon A. Badger,* both of Eureka, for the appellant.

*Fred S. Jackson, T. C. Forbes* and *James E. Smith,* all of Topeka, for the appellee.

---

Workmen's Compensation Acts, C. J. p. 141 n. 8; 19 A. L. R. 782; 27 A. L. R. 500.

The opinion of the court was delivered by

JOHNSTON, C. J.: A question of subrogation is involved in this controversy. M. R. Amerman was engaged in constructing and repairing certain streets of the city of Eureka, and was operating under the workmen's compensation law. Ole Branson was employed by him and was at work on the streets on September 9, 1922, and while at work he was struck by an automobile alleged to have been negligently operated by Claude Ladd, and was so severely injured that he was wholly incapacitated to perform any labor and died about four months later as the result of his injuries. At the time of the injury Branson had a wife living who was wholly dependent upon him for support, and Amerman, the employer, became liable to Branson for compensation until his death and thereafter to his widow under the provisions of the workmen's compensation act.

The questions in the case arise upon the sustaining of a demurrer to plaintiff's petition. The Maryland Casualty Company brought the action against Ladd, pleading that Amerman had procured from the company a policy under which the plaintiff agreed to indemnify Amerman on account of any injuries that might be suffered by his employees in the course of their employment for a period which included the time of Branson's injury. It is further alleged that Amerman required the company to save him harmless from liability for the injury and that in compliance with the demand it had paid to the widow of Branson $1,392, and is obliged to pay an additional sum under its liability which, with that paid, will amount to $3,750. The plaintiff alleged that the defendant Ladd negligently caused the injury by driving his automobile at an excessive rate of speed without keeping a lookout for persons on the street in which Branson was at work and in a manner which imperiled the lives of people, and that because of his negligence Branson was injured, and thereby a liability for damages was created against Ladd and in favor of Branson and his widow. It was further averred that under the indemnity contract the plaintiff became liable and was required to pay $3,750, and that under the law the plaintiff is entitled to subrogation to the rights of Branson for damages against Ladd, and asked a judgment against the defendant for that sum. Plaintiff's action was brought more than two years and less than three years after the injury was inflicted upon Branson. The demurrer to the

Maryland Casualty Co. v. Ladd.

petition was sustained by the court upon the ground that the right acquired by the plaintiff against Ladd is one in the nature of tort for the recovery of damages, and hence was barred by the two-year statute of limitations. (R. S. 60-306, subdiv. 3.) Plaintiff contends that the action is one upon a liability created by statute which may be brought within three years after the cause of action has accrued. (R. S. 60-306, subdiv. 2.) The statute under which the plaintiff asserts a right of recovery provides:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages in respect thereof: (a) The workman may take proceedings against that person to recover damages and against any person liable to pay compensation under this act for such compensation, but shall not be entitled to recover both damages and compensation; and (b) if the workman has recovered compensation under this act, the person by whom the compensation was paid, or any person who has been called on to indemnify him under the section of this act relating to subcontracting, shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and shall be subrogated to the rights of the workman to recover damages therefor." (R. S. 44-504.)

Under this statute a workman having a cause of action for compensation against his employer and also a cause of action against a third person for damages for the injury sustained may maintain an action against both, but is not entitled to recover both damages and compensation. (*Swader v. Flour Mills Co.*, 103 Kan. 378, 176 Pac. 143.) Under the second subdivision of the section, if compensation has been recovered by the workman under the section relating to subcontracting, an indemnitor who has been called on to pay the compensation is entitled to recover damages from any third person who caused the injury and is legally liable in damages to the injured person, and in such a case the indemnitor "shall be subrogated to the rights of the workman to recover damages therefor." As to the indemnity paid, the statute authorizes the substitution of the indemnitor for the injured employee. In the action brought under this statute the plaintiff was put in the place of Branson with all the rights and remedies which Branson had against Ladd. Ladd, as we have seen, was a stranger in the case, having no relation to the compensation act, the contract of employment or the contract of indemnity. There was no privity of contract between him and the injured party nor yet between him and the indemnitor or employer.

According to the petition, Ladd had committed a tort against Branson and was primarily responsible for the injury, and was therefore liable in damages to Branson for his tortious act. Branson could look to his employer for compensation for the injury or to Ladd for his wrongful act which caused the injury. The plaintiff is seeking to enforce the right of action which Branson had. It was given, and had, no greater or different right against Ladd than Branson had. By the substitution permitted under the statute plaintiff became entitled to the rights and remedies possessed by the injured party. Branson's only right of action was one for damages for a wrongful personal injury. The substitution placed the plaintiff in the shoes of Branson who was entitled to recover from Ladd not compensation but damages, and in such an action the defendant could make any defense that would have been open to him if the action for damages had been brought by Branson, including the one that the right of action against him was barred by the statute of limitations. The substitution did not change the nature of the action nor the liability of Ladd. This liability and the fact that plaintiff acquired only the rights and remedies possessed by Branson against Ladd makes it clear that the two-year period of limitations applicable to a recovery for a wrongful personal injury is the governing limitation in this action, and hence the ruling of the district court must be affirmed.