No. 38,734

George J. Wise and The Phoenix Indemnity Company, *Appellees,*
v. The Morgan-Mack Motor Company, The Continental
Casualty Company and Dewey R. Farrier, *Appellants.*

(246 P. 2d 308)

Opinion filed
July 3, 1952.

C. C. *Stewart*, of Lawrence, argued the cause, and O. K. *Petefish*, of Lawrence, was with him on the briefs for the appellants.

*George K. Melvin*, of Lawrence, argued the cause, and *George V. Allen*, of Lawrence, was with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This action was instituted jointly by George J. Wise, an employee of Parker Buick Company, it being subject to the provisions of the workmen's compensation act, and by The Phoenix Indemnity Company, the employer's insurance carrier, to recover damages for personal injuries from three parties, an alleged tortfeasor, his employer and the latter's liability insurance carrier.

The action has not been tried. All defendants appeal from the orders overruling (1) their joint motion to dismiss the action; and (2) their joint demurrer to the petition.

A portion of the petition, in substance, alleged:

The injuries to the workman were occasioned by a collision between a car driven by Dewey R. Farrier, an employee of the defendant, Morgan-Mack Motor Company, who was operating as a private carrier pursuant to a certificate of convenience and necessity issued by the state corporation commission and that the defendant, the Continental Casualty Company, was liable under its public liability policy issued to the defendant, Morgan-Mack Motor Company.

Damages were sought for medical and hospital services rendered to the plaintiff workman in the sum of $503.83, for loss of time, $570.00, and for future loss of time, pain and suffering, past, present and future disability, and for future medical expenses in the sum of $30,000, or for the total sum of $31,073.83. Judgment in that amount was sought against two of the defendants, the Morgan-Mack Motor Company and its driver. Judgment-was sought against the defendant insurance carrier of the Morgan-Mack Motor Company on its public liability policy in the sum of $10,000.

The petition further, in part alleged:

"For their cause of action against the Defendants, the Plaintiffs state as follows: That during the month of January, 1949, the Plaintiff George J.

Wise was regularly employed by the Parker Buick Company of Lawrence, Kansas, as a mechanic; that said Parker Buick Company was operating under and covered by the Workman's Compensation Law of the State of Kansas. That on or about the 6th day of January, 1949, as is hereinafter more fully set out said George J. Wise while in the employ of the Parker Buick Company and while engaged in its business and in the course of his employment, suffered personal injury which was compensable under the Kansas Workman's Compensation Act; that the Phoenix Indemnity Company, a Corporation, was the insurance carrier of the Parker Buick Company and under its contract of insurance, said Phoenix Indemnity Company furnished Workman's Compensation to the said George J. Wise in the form of medical and hospital costs and in the sum and amount of Two Hundred Twenty-Nine Dollars and Thirty-eight Cents ($229.38), which it paid. *That said George J. Wise did not commence an action against those responsible for his injury within the time provided by statute and by operation of law the Plaintiff the Phoenix Indemnity Company is entitled to bring this action on its own behalf and in behalf of the said George J. Wise and in its own name and/or in the name of George J. Wise; that the Phoenix Indemnity Company has an interest in its own right in this action of Two Hundred Twenty-Nine Dollars and Thirty-eight Cents ($229.38), and no more;* that the amount of Two Hundred Twenty-nine Dollars and Thirty-eight Cents ($229.38) paid by said Company as aforesaid is included in the itemized statement of damages sustained by George J. Wise and hereinafter set out." (Our italics.)

In view of the issue raised on appeal we need not narrate allegations pertaining to the acts of negligence or injuries sustained.

The petition was challenged by defendants' joint motion to make it definite and certain by stating, ". . . whether this action is brought by the plaintiff, George J. Wise, in his own behalf or brought *by the employer* of George J. Wise on its own behalf and on behalf of the said George J. Wise, as their interests may appear." (Our italics.) The motion was overruled but it appears the ruling was not journalized. The judge's notes read:

"Nov. 13. Motion overruled. The Court construes the action to be brought by Indemnity Company for Wise and itself."

Defendants thereafter filed a joint motion to dismiss the action, ". . . for the reason that neither of the plaintiffs had any right to sue therefor at the time this suit was filed and for the further reason that it is now too late *for the employer* of George J. Wise to file such a suit on his behalf." (Our italics.)

While the court had the last motion under advisement defendants also filed a joint demurrer to the petition on the grounds:

"a. That two causes of action are improperly joined; also

"b. That the allegations of the petition are insufficient to constitute any cause of action in favor of the plaintiff, George J. Wise, or in favor of the

plaintiff, The Phoenix Indemnity Company, a Corporation, on behalf of George J. Wise, as against these defendants or any of them."

Prior to a ruling on the motion to dismiss or on the demurrer, but more than two years after the injury occurred, one of plaintiffs' attorneys filed a pleading as the attorney for the workman's employer as follows:

"SUPPLEMENT TO PETITION

"Comes now T. B. Parker doing business as Parker Buick Company and states as follows. That as alleged in the petition herein he was the employer of George J. Wise, that as such employer he is a proper party plaintiff in this action and as the employer of said George J. Wise and as a proper party plaintiff he brought and now maintains this action as such employer on his own behalf and on behalf of said George J. Wise as their interests may appear.

"Said T. B. Parker files this supplement to the petition filed herein for the purpose of advising defendants fully as to the information sought by them in their motion to make the petition herein more definite and certain, although said motion was overruled by the court and this plaintiff is in accord with said ruling.

"GEO. K. MELVIN,
"Attorney for T. B. Parker."

The court overruled both the motion to dismiss and the demurrer. It is from these last two rulings that defendants appeal. We shall refer to the plaintiff Wise as the workman, to the plaintiff, Phoenix Indemnity Company, as the insurer and to Parker Buick Company for whom Wise worked, as the employer.

The petition discloses the accident occurred January 6, 1949. The action was not filed until December 29, 1950.

As previously indicated this was a common law action to recover damages from third parties. It, of course, could be instituted only within two years from the date the cause of action accrued irrespective of who filed it. (G. S. 1949, 60-306, *Third; Maryland Casualty Co. v. Ladd,* 121 Kan. 659, 249 Pac. 687.) The petition admits the workman did not commence the tort action within the time he is permitted to do so under the provisions of the compensation act which, as will presently appear, is one year. The employer did not bring it within two years and his belated pleading in which he alleged he was a proper party plaintiff and was now maintaining the action will not be considered. We, therefore, disregard his so-called "Supplement to Petition." This action, however, was filed within the two-year period and the insurer was a party plaintiff.

We shall first consider what we regard to be the primary question presented by defendants' motion to dismiss the action and by

their demurrer. That question is whether the compensation insurer of the workman's employer may institute and maintain the damage action for and on behalf of the workman and himself. Defendants contend such an insurer may not do so under our compensation laws and plaintiffs contend he may. The question requires examination and construction of pertinent provisions of the compensation act. The material part of G. S. 1949, 44-504 provides:

"When the injury or death for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman . . . shall have the right to take compensation under the act and pursue his . . . remedy by proper action in a court of competent jurisdiction against such other person. In the event of recovery from such other person by the injured workman . . . the employer shall be subrogated to the extent of the compensation and medical aid provided by him to date of such recovery and shall have a lien therefor against such recovery and the employer may intervene in any action to protect and enforce such lien. Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury. . . . Failure on the part of the injured workman . . . to bring such action within the time herein specified *shall operate as an assignment to the employer of any cause of action in tort* which the workman . . . may have against any other party for such injury or death, *and such employer may enforce same in his own name or in the name of the workman . . . for their benefit as their interest may appear* by proper action in any court of competent jurisdiction." (Our italics.)

The pertinent provisions of G. S. 1949, 44-532 read:

"Where the payment of compensation of the workman, or his dependents, is insured, by a policy or policies, at the expense of the employer, the insurer shall be subrogated to the rights and duties under this act of the employer so far as appropriate."

The substance of defendants' (appellants) contentions touching the primary question may be summarized as follows:

The established general rule forbids the assignment of a cause of action based in tort but G. S. 1949, 44-504, creates a limited exception to this general rule in that it permits *the employer* to enforce the damage liability for the workman in the event the workman fails to do so within one year; (*Krol v. Coryell,* 162 Kan. 198, 175 P. 2d 423) a plaintiff must bring himself clearly within the statutory exception to the assignment rule and the exception mentioned does not permit the insurer to bring the action; the workmen's compensation act is a complete, comprehensive and exclusive act of its own, prescribes its own remedies and procedure which must be followed without resort to the code of civil procedure to sup-

plement its provisions; (*Employers' Liability Assurance Corp. v. Matlock*, 151 Kan. 293, 98 P. 2d 456, 127 A. L. R. 461; *Forcade v. List & Clark Construction Co.*, 172 Kan. 119, 238 P. 2d 549) the general doctrine of subrogation is not applicable, the doctrine being restricted and limited to the provisions of the compensation act; the old provision in the 1911 compensation law, which specifically permitted the insurer who had paid compensation to the workman to bring the damage action, (*Maryland Casualty Co. v. Ladd*, supra) was omitted from the 1927 revision of the compensation law and has not been reinstated in any subsequent enactments; G. S. 1949, 44-532, also enacted in 1927 and relied on by the insurer in this case, does not assign the cause of action in tort to the insurer but subrogates him only to the rights and duties of the employer under the act *so far as appropriate;* that since the tort action is by statute assigned only to the employer and not to the insurer by G. S. 1949, 44-504, the subrogation statute, G. S. 1949, 44-532, cannot be expanded to include an assignment of the tort action to the insurer but must be held to have been intended to subrogate the insurer, insofar as recovery against a tort-feasor is concerned, to whatever amount the employer had obtained from the insurer under the insurance policy and had paid to the workman; such an amount is all the employer could retain out of a damage judgment for himself if he filed the action in time on behalf of the workman and the interest of the insurer under the subrogation statute can be no greater.

On the other hand the insurer contends the subrogation statute, G. S. 1949, 44-532, includes his right to maintain the damage action. The court has given careful consideration to the respective contentions. The precise question is one of first impression in this state. It is not free from difficulty. It, however, must be conceded an employer has the right, within the two-year period, to enforce the damage action ". . . in his own name or in the name of the workman . . . for their benefit as their interest may appear." G. S. 1949, 44-532 subrogates the insurer to the rights and duties of the employer under the act *so far as appropriate.* This raises the question whether the enforcement of the tort liability is one of the rights the insurer appropriately may exercise under the circumstances of this case. It is true there is no provision which permits the employer and the insurer to maintain separate actions to recover damages at the same time or to do so jointly. But we

think if the workman fails to file such an action within one year and the employer likewise fails to bring such action it is appropriate for the insurer to do so before the action becomes barred and that he may do so in his name or in the name of the workman "for their benefit as their interest may appear." This conclusion answers defendants' contention the trial court erred in overruling their motion to dismiss the action and also the second ground of their demurrer.

But what about the first ground of the demurrer that two causes of action are improperly joined? We think within the contemplation of the compensation statute there is only one cause of action. (*Elam v. Bruenger,* 165 Kan. 31, 35, 193 P. 2d 225.) It is the right to recover damages for the negligent acts of a third party tort-feasor. In order to enforce liability on that single cause of action the statute expressly authorizes the employer, and we now hold also the insurer, to maintain the action in his own name or in the name of the workman for their benefit as their interest may appear. The distribution of the judgment obtained, if any, as the interests of the parties may appear does not, under the statute, create two causes of action. The statute merely provides for a division of the judgment obtained in the single cause of action. Moreover it is clear the workman could not maintain the present action in his own name after the one-year period had expired. He, therefore, could not maintain the action in his own name or jointly with the insurer and in contemplation of law did not do so. It follows two causes of action were not joined.

We think defendants are entirely right in their contention that there is no time under the compensation act at which a workman and employer may simultaneously maintain such an action (*Elam v. Bruenger,* supra, p. 36) and the same is true of a workman and insurer. It follows we must disapprove the attempt made here to join the workman with the insurer as a party plaintiff. The law does not contemplate such a procedure. The fact remains, however, the insurer did institute the action after both the workman and employer had failed to do so until shortly before the action became barred. For the reasons heretofore stated we think we would not be justified in sustaining the demurrer on the ground two causes of action were improperly joined.

In the interest of clarity and in order to avoid confusion resulting from an apparent conflict in certain decisions one other point probably should be emphasized. It is that the phrase, ". . . for their benefit as their interest may appear," now again contained in G. S.

1949, 44-504, the controlling statute in this case, was omitted from the statute for a brief period of time with the result that during such period the employer was permitted to recover in a damage action only the amount he was out of pocket. (*Krol v. Coryell,* *supra,* p. 204.) We need not review this legislative history. It is contained in the Krol case, *supra,* and in *Clifford v. Eacrett,* 163 Kan. 471, 183 P. 2d 861, and need not be repeated here.

The orders of the district court are affirmed.