No. 38,960

HARRY E. TERRELL, *Appellant,* v. READY MIXED CONCRETE COMPANY OF KANSAS CITY, KANSAS, INC., a corporation; J. A. TOBIN CONSTRUCTION COMPANY, a corporation; and EARL SIMPSON, *Appellees.*

(258 P. 2d 275)

634

*Thomas E. Joyce,* of Kansas City, argued the cause, and *Edward M. Boddington, Sr., J. O. Emerson, Edward M. Boddington, Jr., Joseph Cohen, Charles S. Schnider, John E. Shamberg, Joseph P. Jenkins* and *Norma Braly,* all of Kansas City, were with him on the briefs for the appellant.

*T. F. Railsback,* of Kansas City, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action brought in the name of the plaintiff as later set forth. A demurrer to the petition was sustained and this appeal followed.

We limit our review of the petition to those allegations necessary to a discussion of the questions later set forth.

On March 3, 1952, a petition was filed, the first eight paragraphs setting forth the status of the parties and alleging that on January 20, 1948, plaintiff Terrell was in the employ of the M. W. Kellogg Company, engaged in certain construction work in Wyandotte County, Kansas, and that both Terrell and the Kellogg Company were operating under the workmen's compensation act; that in carrying on the work the Kellogg Company had contracted with the defendants, Ready Mixed Concrete Company and J. A. Tobin Construction Company, for furnishing ready mixed concrete at the place of construction and that the last mentioned corporations delivered the concrete in trucks; that a truck driven by the defendant Simpson was so operated, details being pleaded; that plaintiff Terrell received severe and serious injuries; that such injuries were caused by the negligence of defendant Simpson, in charge of and operating the truck, in four specified particulars, not of present importance; and that at all times defendant Simpson was duly authorized by the other defendants to operate the truck and at all times was operating the truck as their agent, servant and employee. It was further alleged that the Kellogg Company, employer of Terrell, had been compelled to pay Terrell under the compensation laws of Kansas the sum of $6,350; that Terrell had neglected to institute any action against any of the defendants for the grievances alleged, although one year had elapsed since the date of his receiving the injuries and that the instant action was brought by the Kellogg Company in the name of Terrell as provided by G. S. 1949, 44-504, for its benefit and the benefit of Terrell as their interests might appear. The ninth para-

graph alleged that on January 19, 1950, and more than one year and less than two years after Terrell receive his injuries, the Kellogg Company filed an action in the district court of Wyandotte County in the name of Terrell against the three defendants above named upon the same cause of action set forth in the instant petition and caused summons to be issued and on February 17, 1950, the defendants made their general appearance in that action, that afterwards and while that action continued such proceedings were had on March 19, 1951, and within one year prior to the filing of the instant action, that the first action was, by the order and judgment of the district court, dismissed without prejudice. Plaintiff referred to the pleadings and files in the first action and made them part of the instant action for the purpose of showing the pendency of an action brought in time and dismissed otherwise than on the merits within one year preceding the filing of the instant action.

The defendants demurred to the petition on the ground it did not state facts sufficient to constitute a cause of action. After hearing the demurrer and considering briefs filed, the trial court rendered an opinion and after pointing out contentions made, concluded:

"Because of the fact that the right of action in this case arose under Section 44-504, G. S. Kansas, 1949, of the Workmen's Compensation Act, and because of the fact that there is nothing in the compensation law itself permitting a plaintiff to dismiss and start over under Section 60-311, G. S. Kansas, 1949, and because of the recent rulings of the Supreme Court of Kansas, defendant's demurrer to the plaintiff's petition will be sustained."

In due time an appeal from the ruling was perfected by the plaintiff. The errors specified in the abstract, and the statement in the brief of the questions involved are presented as two propositions by the appellant in his brief. (1) The rule that the workmen's compensation law is complete and exclusive, that it furnishes its own remedies and that no resort can be had to the code of civil procedure, applies only to proceedings to obtain compensation and does not apply to the instant action, which is one at common law for a tort, and (2) the instant cause of action was not created by the workmen's compensation law but existed and arose under the common law concerning liability in tort for negligence.

Prior to a discussion of the above propositions we shall take note of the statutes involved.

The right of an employer to maintain an action against a third party wrongdoer for injuries sustained by his workman, originally conferred by Laws 1911, chapter 218, section 5(b), has been altered

from time to time. The statute presently applicable is G. S. 1949, 44-504, which for present purposes reads:

"When the injury . . . for which compensation is payable under this act was caused under circumstances creating a legal liability against some person other than the employer to pay damages, the injured workman . . . shall have the right to take compensation under the act and pursue his . . . remedy by proper action in a court of competent jurisdiction against such other person. . . . Such action against the other party, if prosecuted by the workman, must be instituted within one year from the date of the injury, . . . Failure on the part of the injured workman, . . . to bring such action within the time herein specified, shall operate as an assignment to the employer of any cause of action in tort which the workman . . . may have against any other party for such injury . . . and such employer may enforce same in his own name or in the name of the workman, . . . for their benefit as their interest may appear by proper action in any court of competent jurisdiction."

The following sections of the code of civil procedure are involved: G. S. 1949, 60-306, provides that:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: . . .

"*Third:* Within two years: . . . an action for injury to the rights of another, not arising on contract, . . ."

G. S. 1949, 60-311, provides:

"If any action be commenced within due time, and . . . if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, . . . may commence a new action within one year after the . . . failure."

The thread of appellant's argument is that while this court has repeatedly held that the workmen's compensation act establishes a procedure of its own, and furnishes a remedy which is substantial, complete and exclusive in compensation cases (*Employers' Liability Assurance Corp. v. Matlock,* 151 Kan. 293, 98 P 2d 456) the instant case is not a compensation case but a common law action for damages; that in an action by an insurance company which had paid compensation for an employer and became subrogated to the rights of the workman against a third party wrongdoer (as provided by a former act, R. S. 1923, 44-504) this court held that as the action was one in tort to recover damages for personal injuries, it became barred in two years after the injury was inflicted (*Maryland Casualty Co. v. Ladd,* 121 Kan. 659, 249 Pac. 687); that in so holding the court necessarily held that the workmen's compensation law was not the exclusive law applicable as there is no two-year limitation prescribed

in that law, nor is there anything in that law limiting or modifying the provisions of the code of civil procedure as to dismissal and re-filing; that if the two-year statute of limitations applies by parity of reasoning all other provisions of the code with respect to the statute of limitations also apply, and that it is absurd to say that an action such as is before the court would be barred by G. S. 1949, 60-306, but that none of the modifications contained in the same chapter and article apply. The remainder of appellant's argument under this heading consists principally of an expansion of the above and while it has been carefully read, it will not be reviewed here.

With respect to his contention that the cause of action pleaded was not created by the workmen's compensation law but arose under common law liability for tort, appellant directs attention to *Maryland Casualty Co. v. Ladd*, supra, where reference was made to the workman's right of action against the third party wrongdoer as "one for damages for a wrongful personal injury," and it was stated that the workman was entitled to recover "not compensation but damages"; to *Kelly v. Johnson*, 147 Kan. 74, 75 P. 2d 209, where it was said, in view of the facts of the case, that the workmen's compensation act does not create a cause of action for wrongful death; to *Long v. American Employers Ins. Co.*, 148 Kan. 520, 83 P. 2d 674, that the workmen's compensation act was not designed to affect the liability of a negligent third person; and to *Wise v. Morgan-Mack Motor Co.*, 173 Kan. 372, 246 P. 2d 308, where the action was designated as a common law action to recover damages from third parties. We need not pursue this particular contention for we are of the opinion that Terrell did have a cause of action at common law for injuries suffered as a result of the appellees' negligence, and appellees do not contend otherwise. What they do contend is that the Kellogg Company's right to maintain the action is predicated solely on the provisions of the workmen's compensation act, and that otherwise the Kellogg Company had no cause of action. That contention is considered in what is later said herein.

Limits of time and space preclude a detailed review of the arguments made and authorities cited by the appellees in their brief.

We need not review our cases dealing with the rule that the workmen's compensation act established a procedure of its own which is substantial, complete and exclusive in compensation cases. The rule was followed in *Gray v. Hercules Powder Co.*, 160 Kan. 767, 165 P. 2d 447, where many of such cases are cited. In that

case an appeal from the award of the workmen's compensation commissioner was heard in the district court, following which the court made an award. Five days thereafter the claimant filed his motion to modify the findings and award. Over the objection of the respondent, the district court modified its award by formally entering a new award. The respondent appealed. This court considered the rule above stated, the effects of varying therefrom and held that the workmen's compensation act is complete in itself, provides its own procedure, may not be supplemented by borrowing from the code of civil procedure; that there is no provision in the workmen's compensation act for a motion for a new trial or other post judgment motion; and that the trial court was without power to modify the award originally made by it. The rule need not be further discussed.

As has been stated above, we are of the opinion that Terrell personally had a cause of action at common law against the appellees to recover for injuries received by him through their negligence. But that rule is of no avail to his employer, the Kellogg Company. It had no cause of action against the appellees at common law. Terrell's cause of action, being in tort, was not assignable at common law (*K. M. Rly. Co. v. Brehm*, 54 Kan. 751, 755, 39 Pac. 690, 4 Am. Jur. 251 and 5 A. L. R. 130) nor under our code of civil procedure (G. S. 1949, 60-401). Under the section of the workmen's compensation act quoted above Terrell had an exclusive right for a period of one year from the date thereof to institute an action against a third party wrongdoer for his injuries, and his failure to do so in that time barred his right. By express provision of that statute Terrell's failure to institute an action within the time operated as a statutory assignment of his cause of action to his employer, the Kellogg Company; but that assignment was not complete and in destruction of Terrell's right, but limited for the purposes set out in the statute and to be pursued as authorized by it. In effect it gave the employer a cause of action against the third party wrongdoer which he did not otherwise possess. Only when Terrell's right became barred and Kellogg Company's right then accrued did the latter have the right to institute an action, either in its own name or in the name of Terrell for their mutual benefit as their interests might appear. Even though Terrell's chose in action against appellees be a common law action, and even though it passed by statutory assignment to the Kellogg Company, the latter had the right to institute the instant action only by

virtue of the provisions of the workmen's compensation act, and its right in that respect is governed by the act.

Many phases of the matters just discussed were considered in *Elam v. Bruenger*, 165 Kan. 31, 193 P. 2d 225, to which reference is made.

The workmen's compensation act is silent on the right of the employer, here the Kellogg Company, after having instituted an action, to dismiss it without prejudice and later and within any fixed time, to commence a second action. If Terrell's action was one that could be instituted and maintained without regard to the workmen's compensation act, there would be no reason why, under the provisions of the code of civil procedure, he might not dismiss his first action without prejudice, and if timely done, commence a second action. On the other hand, if the employer's right to maintain the action is dependent on a right conferred under the workmen's compensation act, he must comply not only with its terms, but be bound by such privileges as are conferred upon him by the act, and not take advantage of a privilege conferred by the code of civil procedure. Although we have had no occasion heretofore to consider the precise question, we are not without analogous cases.

In *Rodman v. Railway Co.*, 65 Kan. 645, 70 Pac. 642, 59 L. R. A. 704, it is disclosed that on August 1, 1896, a widow had commenced an action for the wrongful death of her husband which occurred April 14, 1896. The defendant removed the action to the United States Circuit Court for Kansas and on December 1, 1898, plaintiff dismissed the action without prejudice to bringing another action. On December 28, 1898, she did commence another action and defendant raised, among others, the question of her right to maintain the action. After noting the wrongful death statute, now G. S. 1949, 60-3203, and that the action must be commenced in two years, and the provision of the code of civil procedure, now G. S. 1949, 60-311, quoted above, the court stated the question was: Did the pendency of the former action and the saving terms of the last mentioned section suspend the operation of the limitation provided in the wrongful death statute and permit the bringing of the second action more than two years after the cause of action accrued? And the court noted the question was one of first instance in this court. After noting that at common law or in the absence of the wrongful death statute no cause of action existed, the court noted authorities that the right conferred by the wrongful death statute was a conditional one and that the plaintiff must bring himself clearly within

the prescribed condition necessary to maintain the action. After reviewing other authorities the court said:

"A review of the authorities bearing on the question controverted compels us to hold that the scope and effect of the act above quoted (wrongful death act) is not merely to provide a remedy for a cause of action existing independent of the act itself, but to create a cause or right of action where, prior to the passage, or in the absence of the act, none existed. As a part of the right of action itself, as a condition imposed upon and in limitation of the exercise of the right granted, it is provided that the action upon which recovery is had must be commenced within two years from the time the right of action arose. No excuse pleaded for delay in the commencement of the action for more than two years will avail, for the reason that no such excuse can in law be held sufficient. A limitation upon the time in which a preexisting right of action may be exercised is governed by the general statutes of limitation, and, in consequence, falls within the saving provisions of section 23 above quoted. But the limitation in time of the commencement of the action here brought under this statute is imposed as a condition upon the exercise of the right itself, is special and absolute in its nature, and is unaffected by the general provisions of section 23." (l. c. 654.)

and held:

"Section 422 of the civil code (Gen. Stat. 1901, § 4871) creates a right of action for damages for death by wrongful act which did not exist at common law and which does not obtain in the absence of such act. ' The limitation of two years prescribed in the act in which such action must be commenced is a condition imposed upon the exercise of the right of action granted and this time is not extended by the pendency and dismissal of a former action, as provided in section 23 of the code (Gen. Stat. 1901, § 4451.)" (Syl. ¶ 2.)

The above decision has been cited in subsequent cases, as a reference to Shepard's Kansas Citations will disclose. It has not been overruled but, on the contrary, it was said in *Bowles v. Portelance,* 145 Kan. 940, 67 P. 2d 419, that:

"Since this is a right of action that did not exist at common law this court has held that the limitation of two years prescribed in the act within which such action must be commenced is a condition imposed upon the exercise of the right of action granted and this time is not extended by the pendency and dismissal of a former action. (See *Rodman v. Railway Co.,* 65 Kan. 645, 70 Pac. 642.)

"Counsel for the plaintiff frankly admit that the above was the holding in the Rodman case, and that the case is in point here, but urge that the Rodman case should be overruled. We have examined the question presented and find that the Rodman case has been approved by many subsequent decisions of this court." (Citing many cases.) (l. c. 941.)

With respect to actions for wrongful death, many cases may be found holding that under statutes authorizing such actions, provisions limiting the time in which the action must be brought are

not properly statutes of limitation as they are generally understood but are qualifications and conditions restricting the rights granted by the statutes and must be strictly complied with. See 67 A. L. R. 1070 and 132 A. L. R. 292, 295.

Appellant seeks to avoid the force of *Rodman v. Railway Co.,* supra, by pointing out that no cause of action existed except as created by the wrongful death statute, and that in the instant case there was an action at common law. However true that may be, Terrell's cause of action at common law was limited by the workmen's compensation act at least insofar as time for bringing his action was concerned, and insofar as his employer Kellogg was concerned in effect a cause of action was conferred on it where none existed at common law. Our authorities with respect to filing a suit, dismissing it without prejudice and then filing a second action, are not limited however to cases arising under the wrongful death statute.

In *Medill v. Snyder,* 71 Kan. 590, 81 Pac. 216, the plaintiff in due time brought an action to contest a will and later dismissed it. After the expiration of two years (time in which the action must have been commenced) but within one year after the dismissal, he commenced another action against the same parties for the same relief. A demurrer was sustained to the petition in the second action on the ground the right of action was barred because of expiration of time limited by the statute of wills within which the action must have been commenced. The question for decision was whether the right to maintain the second suit was preserved by that section of the code of civil procedure which now appears as G. S. 1949, 60-311, quoted above. Although spelled out in the opinion at length, the court took cognizance of the fact that the right of a party to invoke the jurisdiction to contest a will was of statutory origin and said that one of the conditions attached was that the proceeding be commenced within two years; that time was of the essence of the power and the right and lapse of time operated to extinguish both rather than as a mere bar to the remedy. After reviewing authorities the court further said:

"The fact that the statute concerns itself primarily with the creation and regulation of jurisdiction and procedure, makes the probate of a will conclusive and forever binding, establishes the title to real and personal property under probated wills, and creates indisputable evidence of such title, all over and beyond the mere matter of remedy to one who may desire to assume the role of a contestant, so far distinguishes it from a mere statute of limitations that sections of the general statute of limitations cannot modify it." (l. c. 599.)

The syllabus of the case reads:

"The time limited by the statute of wills for bringing a suit in the district court to contest a will is not extended by section 23 of the code of civil procedure (Gen. Stat. 1901, sec. 4451), providing that if any action be commenced within due time and judgment thereon for the plaintiff be reversed, or if the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or if he die and the cause of action survive, his representatives, may commence a new action within one year after the reversal or failure."

And also see the case of *Emanuel Home v. Bergin*, 127 Kan. 593, 274 Pac. 284, where the provision of the code of civil procedure as to a second action was not relied upon but it was said with respect to claims against the estate of a decedent that:

"The claimant must take proper affirmative action within the statutory time in order to protect his interests." (1. c. 596.)

and where it was held:

"The one-year statute of limitations for the filing of claims or commencement of actions against the estates of deceased persons by creditors is not tolled or extended by the pendency or dismissal of a former action." (Syl. ¶ 3.)

From a consideration of the contentions made by the appellant and the appellees and of the decisions and rules above stated, it is concluded that the M. W. Kellogg Company had no cause of action at common law against the appellees for injuries sustained by Harry E. Terrell as a workman employee of the Kellogg Company; that the right of the Kellogg Company to institute and maintain an action in the name of its workman Terrell for their benefit as their interests may appear is one conferred by provisions of the workmen's compensation act (G. S. 1949, 44-504); that insofar as the Kellogg Company is concerned its right to maintain an action for injuries to its employees is statutory, is governed solely by the last mentioned statute, and the provisions of the code of civil procedure to the effect that if the plaintiff files an action in due time and fails otherwise than on the merits and if the time limited for bringing such an action has expired he may commence a new action within one year after the failure (G. S. 1949, 60-311), have no application.

The trial court did not err in ruling on the demurrer to the plaintiff's petition and its ruling and judgment is affirmed.