No. 41,564

KAY DIMIT, a Minor, by PAUL DIMIT, Her Father, and LOIS DIMIT, Her Mother, as Next Friends, *Appellants*, v. RALPH BRADSHAW and MELVIN POTTER, Administrator of the Estate of W. T. Maiden, Deceased, *Appellees*.

(350 P. 2d 131)

Opinion filed March 5, 1960.

*Allyn M. McGinnis*, of El Dorado, argued the cause, and *Walter F. McGinnis*, of El Dorado, was with him on the briefs for the appellants.

*Harry O. Janicke*, of Winfield, argued the cause, and *J. A. Herlocker* and *Robert L. Bishop*, both of Winfield, were with him on the briefs for appellee Ralph Bradshaw.

No appearance for appellee Melvin Potter.

The opinion of the court was delivered by

PARKER, C. J.: On February 2, 1959, the district court of Cowley County rendered two judgments against the defendant Ralph

Bradshaw, who was in default of answer. One was in favor of plaintiff setting aside a deed executed and delivered to Bradshaw by W. T. Maiden in his lifetime and the other granted defendant Melvin Potter, as administrator, the relief claimed in his cross-petition, i. e., cancellation of the deed in question, and a money judgment. Within a few days Bradshaw filed a motion asking that the two judgments be set aside. This motion was presented and taken under advisement by the court on February 24, 1959, all parties (Dimit, Bradshaw and Potter) being represented by their respective counsel.

Thereafter, and on February 28, 1959, that being one of the days of the same term of court at which the default judgments were rendered, the court announced it had determined that the judgments theretofore rendered on February 2, 1959, on the petition of the plaintiff Dimit, and upon the cross-petition of the defendant Potter, should be set aside on the court's own motion. Thereupon it ordered and directed that such judgments be set aside on that basis and gave the defendant Bradshaw permission to file answer on or before March 6, 1959, conditioned that he pay all costs accrued in the action to date.

Subsequently Dimit perfected the instant appeal where the controlling, if not the only, issue involved is whether, under the foregoing conditions and circumstances, the trial court erred in setting aside his default judgment against Bradshaw.

Directing our attention to G. S. 1949, 60-3007, *et seq.*, of our code of civil procedure, dealing with the proceedings to revise judgments, the principal contention advanced by appellant in support of his position on appeal is that the jurisdiction of a district court over its judgments, within the term in which rendered, is specifically set out in the above mentioned sections of the statute, hence, since they are controlling, the district court had no power to set aside the involved judgment, during the term at which it was rendered, on its own motion.

Careful consideration of all arguments made by appellant makes it obvious that he has either failed to read our decisions dealing with the point now under consideration or, if he has read them, refuses to give what is there said and held full force and effect. Indeed, it may be stated that in this jurisdiction the precise question he raises has long since been determined contrary to his position and is no longer debatable.

See *Federal Land Bank v. Richardson,* 146 Kan. 803, 73 P. 2d 1005, where it is said:

"Independent of the code, it is well recognized in this state that a district court has jurisdiction of its judgments and orders during the term of court at which they are rendered, and in the exercise of its judicial discretion on motion of an interested party, *or on its own motion,* the court may set aside or modify the judgment or order." (p. 806.) (Emphasis supplied.)

For some of our more recent decisions, where the rule of the *Richardson* case is either quoted at length or otherwise stated, recognized and approved, see *State Investment Co. v. Pacific Employers Ins. Co.,* 183 Kan. 229, 232, 326 P. 2d 303; *King v. King,* 183 Kan. 406, 411, 327 P. 2d 865; and *Abercrombie v. State Highway Commission,* 185 Kan. 47, 49, 340 P. 2d 377.

Appellant further contends the trial court erred in permitting appellee Bradshaw to file an answer after judgment had been rendered against him, notwithstanding that judgment had been set aside within the same term at which it was rendered. This contention presents another question which, under our decisions, has been determined contrary to appellant's position.

See *Standard Life Ass'n v. Merrill,* 147 Kan. 121, 75 P. 2d 825, where it is held:

"During the term at which a judgment is rendered the district court may, in the exercise of sound discretion, vacate its own orders or judgments, and when an order or judgment is so vacated, the previously existing status is restored and the situation is the same as though the order or judgment had never been made. The issues stand again for trial or for such other disposition as may be appropriate to the situation." (Syl. ¶ 1.)

See, also, *Hoffman v. Hoffman,* 156 Kan. 647, Syl. ¶ 6, 653, 654, 135 P. 2d 887; and *Shotzman v. Ward,* 172 Kan. 272, 279, 239 P. 2d 935.

Finally appellant contends the trial court abused its judicial discretion because its action in setting aside the judgment in question, on its own motion, was arbitrary and capricious. The rule, so elementary as to require no citation of the authorities supporting it, is that the burden of establishing such a claim is on the party asserting it. We are not inclined to labor arguments advanced by appellant on this point. It suffices to say our careful examination of the record presented discloses nothing to warrant or permit a conclusion the trial court's action in connection with the ruling complained of was either arbitrary or capricious. It follows this contention cannot be upheld.

The order and judgment of the trial court is affirmed.