No. 41,940

Mary K. Clark, *Appellee,* v. Winfield Hospital and Training Center (State Department of Social Welfare), *Appellant.*

(352 P. 2d 442)

Opinion filed May 14, 1960.

*J. A. Babicki,* of Topeka, argued the cause, and *John Anderson,* Attorney General, *Charles V. Hamm, William W. Dimmit, Jr., William A. Walton* and *Kenneth E. Wildman,* all of Topeka, were with him on the briefs for appellant.

*J. A. Herlocker,* of Winfield, argued the cause, and *Harry O. Janicke* and *Robert L. Bishop,* of Winfield, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: In this workmen's compensation case the commissioner made findings, and denied the claimant an award under the Workmen's Compensation Act upon the basis that the decedent was engaged in agricultural pursuits which employment was nonhazardous (G. S. 1957 Supp. 44-505) and not covered by the act. Upon appeal, and on August 5, 1959, the district court, after considering the records, arguments and briefs submitted, found that the deceased husband of the claimant was not covered by the Workmen's Compensation Act because he was engaged in an occupation which was by statutory definition nonhazardous; further, that the claimant's evidence did not disclose causal relation between the alleged injury and the decedent's death, and entered judgment in favor of the respondent in harmony with those findings.

The claimant filed a motion for a new trial alleging four statutory grounds (G. S. 1949, 60-3001), which was sustained on August 14, 1959, and all prior orders, judgments, findings, rulings, decisions and conclusions of law theretofore made by the district court were vacated and set aside. An appropriate journal entry was accordingly filed.

The respondent and self-insurer filed a motion to strike the journal entry of August 14, 1959, sustaining the claimant's motion for a new trial and vacating and setting aside the court's judgment of August 5, 1959, denying compensation, which was overruled. Thereafter, and on December 30, 1959, the district court made findings of fact and conclusions of law and entered an award in favor of the claimant and against the respondent in the sum of $7,560; ordered that the sum of $3,328 be paid in one lump sum, and that the balance of $4,232 be paid to the claimant at the rate of $32 per week every four weeks until paid or until further order of the commissioner. It was further ordered that medical, surgical, hospital treatment, nursing care and funeral expenses be paid by the respondent in the respective amounts determined by the district court.

Respondent here contends the district court had no jurisdiction to grant the claimant's motion for a new trial, or to vacate and set aside its judgment of August 5, 1959; that the order of August 14, 1959, was void and of no effect as being beyond the power of the

court, and that the purported judgment of December 30, 1959, finding causal relation between the decedent's injury and his death and allowing the claimant compensation was likewise void. In support of its contention, respondent cites *Gray v. Hercules Powder Co.,* 160 Kan. 767, 165 P. 2d 447, which held:

"The workmen's compensation act (G. S. 1935, ch. 44, art. 5, as amended) is complete in itself, providing its own procedure, and may not be supplemented by borrowing rules from the code of civil procedure.

"There is no provision in the workmen's compensation act for motions for a new trial or for other post-judgment motions.

"An award which has been formally made and entered by the district court in a workmen's compensation case may not thereafter be modified by such court, such judgment being final, subject only to such modification as may be made by the commissioner under section 44-528 (as amended by Laws 1945, ch. 219, sec. 1) or by this court upon appeal under G. S. 1935, 44-556.

"Upon appeal in a workmen's compensation case the district court made an award on July 31, 1945. On August 14, 1945, after motion by the claimant for modification of the award, the court set aside the award of July 31st and entered a new award conforming to the award made by the commissioner. *Held,* the district court had no jurisdiction to vacate or modify the award of July 31, 1945, and the order of August 14, 1945, purporting to do so was void." (Syl. ¶¶ 1, 2, 3 and 4.)

The claimant appellee concedes in her brief that if the case of *Gray v. Hercules Powder Co.,* supra, is followed, the district court's hands were tied after it entered its judgment on August 5, 1959, denying compensation, but argues that to let that judgment stand would result in a grave injustice to her. We need not labor the point. The opinion in the Gray case, *supra,* is replete with authorities supporting what is there said and held. For that reason and to avoid burdening our reports with undue citation of authorities, we make pages 769, 770 and 771 of that opinion a part of this opinion by reference. Moreover, the Gray case was cited with approval in *Terrell v. Ready Mixed Concrete Co.,* 174 Kan. 633, 637, 638, 258 P. 2d 275, and we see no reason why it should now be changed as urged by the claimant. That decision has stood as the law of this state with respect to procedure to be followed under the Workmen's Compensation Act, and we conclude that the district court had no jurisdiction to enter its order of August 14, 1959, sustaining the claimant's motion for a new trial, or to vacate and set aside its judgment of August 5, 1959, or to enter the purported judgment of December 30, 1959, and the attempt to do so was void and beyond the power of the court.

The judgment is reversed with directions to vacate and set aside the order of August 14, 1959, and the purported judgment and award of December 30, 1959, and to reinstate the judgment entered on August 5, 1959.

It is so ordered.

PARKER, C. J. (concurring specially): I dissented from this court's opinion in *Gray v. Hercules Powder Co.*, 160 Kan. 767, 165 P. 2d 447, and, based on reasons stated in the dissenting opinion of former Justice Hoch, I still believe the majority of the court reached a wrong conclusion in that case. Even so, I must admit that, since pronouncement of the rule therein announced more than fifteen years have passed without the legislature having taken any steps to remedy what to me is a clear violation of the salutary and established rules of this court, *i. e.*, (1) that the procedure for vacating judgments during the term at which they are rendered is not controlled by statute but is an inherent power within the court (see decisions cited in Justice Hoch's dissent as reported in 160 Kan. 779, 780) and (2) that independent of the code of civil procedure a district court has jurisdiction of its judgments and orders during the term of court at which they are rendered (see *Dimit v. Bradshaw*, 186 Kan. 220, 350 P. 2d 131, and decisions there cited). Therefore, because I believe in the principle and doctrine of *stare decisis* and it must be conceded the decision in the instant case is based squarely upon what is said and held in *Gray v. Hercules Powder Co.*, supra, I feel impelled, although it is with reluctance that I do so, to concur in the foregoing opinion.